IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY LEE SUNDAY, #213453, )<br>  )<br>    Petitioner, )<br>  )<br>v.   )<br>  )<br>  )<br>LEE COUNTY CIRCUIT COURT, *et al.*, )<br>  )<br>    Respondents. ) | CIVIL ACTION NO. 3:09-CV-202-TMH<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

Timothy Lee Sunday ["Sunday"], a state inmate, filed the instant 28 U.S.C. § 2254 application for writ of habeas corpus in which he challenges a 1999 conviction and sentence for first degree sexual abuse imposed upon him by the Circuit Court of Lee County, Alabama. Specifically, Sunday seeks federal habeas relief on the merits of several claims of ineffective assistance of counsel and a challenge to the constitutionality of his sentence previously decided adversely to him by this court in *Sunday v. Ferrell, et al.*, Civil Action No. 3:03-CV-502-MHT (M.D. Ala.), affirmed on appeal February 10, 2006 (Court Doc. No. 76), reconsideration denied April 5, 2006 (Court Doc. No. 77).

Sunday also argues this "court erred in failing to grant and review [the 2003 habeas] writ on the merits, [which] denied [him] equal protection of the laws, [and] Due Process...." *Amendment to Habeas Petition - Court Doc. No. 8* at 17. In support of this

argument, Sunday challenges the determinations in *Sunday v. Ferrell, et al.*, Civil Action No. 3:03-CV-502-MHT (M.D. Ala. 2006) that (I) his ineffective assistance and improper sentence claims had been properly adjudicated on the merits by the state courts, and (ii) his perjured testimony claim was procedurally defaulted.[1] Additionally, Sunday complains the respondents in all of his federal habeas proceedings have failed to file the transcript of testimony from the victim provided in a post-trial hearing in which she reaffirmed that portion of her trial testimony regarding having been told by others to identify Sunday as her assailant. The court therefore construes this petition to likewise seek relief in accordance with this Court's authority to entertain an independent action under Rule 60(b), *Federal Rules of Civil Procedure*.

## II. DISCUSSION

### A. Claims Barred as Successive

It is undisputed that Sunday filed a previous habeas petition, pursuant to the provisions of 28 U.S.C. § 2254, challenging the sexual abuse conviction and resulting sentence imposed upon him by the Circuit Court of Lee County, Alabama, in December of

---

[1] Sunday maintains the testimony of the victim, an adult female suffering from Down's Syndrome, identifying him as the perpetrator of the sexual offense constituted perjury because during cross-examination the victim testified she had been told by other persons to identify Sunday as her perpetrator. Although Sunday argued on direct appeal that the trial court erred in admitting the victim's in-court identification of him as her assailant, he did not allege a claim of perjury associated with her testimony. Likewise, in his Rule 32 petition, Sunday alleged trial counsel provided ineffective assistance when he failed to challenge the prosecutor's use of this alleged perjured testimony. Sunday, however, did not present a substantive claim of prosecutorial misconduct arising from this testimony in his state post-conviction petition. Sunday first raised a claim regarding the prosecutor's knowing use of perjured testimony in his 2003 petition for federal habeas corpus relief. This court therefore determined that Sunday's claim of prosecutorial misconduct arising from the alleged knowing use of perjured testimony was procedurally barred from federal habeas review. *Sunday v. Ferrell*, et al., *supra*.

1999. *Sunday v. Ferrell, et al.*, Case No. 3:03-CV-502-MHT (M.D. Ala. 2006). In such prior habeas action, this court denied Sunday relief from his sexual abuse conviction. Specifically, the court determined the state courts properly adjudicated the merits of Sunday's claims of ineffective assistance of trial/appellate counsel, his challenge to the constitutionality of the sentence, his attack on the trial court's admission of the victim's in-court identification, and his allegation of error with respect to denial of his motion for judgment of acquittal. Therefore, the Court denied Sunday relief on these claims. This Court further determined Sunday procedurally defaulted his substantive claim alleging prosecutorial misconduct in the presentation of perjured testimony. On February 10, 2006, the Eleventh Circuit Court of Appeals affirmed the denial of Sunday's 2003 habeas petition. *Id*. - *Court Doc. No. 76*. The appellate court likewise denied a motion for rehearing filed by Sunday. *Id*. - *Court Doc. No. 77*.

   Throughout the pleadings filed in the instant cause of action, Sunday argues he is entitled to relief from his sexual abuse conviction based on the substantive merits of his claims. He also argues that in his prior 2003 habeas action this court erroneously determined the state courts properly adjudicated the merits of the majority of his claims for relief and, therefore, asserts issuance of the writ of habeas corpus is warranted on the merits of these claims.

   Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (c).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court addressed the interplay of § 2244(b)'s precertification requirements for second or successive habeas petitions and Rule 60(b):

> "As a textual matter, § 2244(b) applies only where the court acts pursuant to a prisoner's 'application'" for a writ of habeas corpus. *Calderon v. Thompson,* 523 U.S. 538, 554, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). We therefore must decide whether a Rule 60(b) motion filed by a habeas petitioner is a "habeas corpus application" as the statute uses that term.
> Under § 2244(b), the first step of analysis is to determine whether a "claim presented in a second or successive habeas corpus application" was also "presented in a prior application." If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions. In either event, it is clear that for purposes of § 2244(b) an "application" for habeas relief is a filing that contains one or more "claims." That definition is consistent with the use of the term "application" in the other habeas statutes in chapter 153 of title 28. *See*, *e.g., Woodford v. Garceau,* 538 U.S. 202, 207, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003) (for purposes of § 2254(d), an application for habeas corpus relief is a filing that seeks "an adjudication on the *merits* of the petitioner's claims"). These statutes, and our own decisions, make clear that a "claim" as used in §2244(b) is an asserted federal basis for relief from a state court's judgment of conviction.
> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to

4

"excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. *Cf. Harris v. United States,* 367 F.3d 74, 80-81 (C.A.2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe,* 324 F.3d 66, 69 (C.A.1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher,* 301 F.3d 873, 876 (C.A.7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,* at 71-72; *Dunlap, supra,* at 876.

We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one

5

> or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra,* will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim ***on the merits***, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

545 U.S. at 530-532 (emphasis in original) (footnotes omitted). The Court further noted that

> [t]he term 'on the merits' has multiple usages. *See, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id.* at 532 n.4.

It is clear that the present claims for habeas relief, standing alone, are the same as the ineffective assistance and improper sentence claims Sunday raised in his 2003 habeas action which this court decided adversely to him. Sunday nevertheless argues he is entitled to federal habeas relief on these claims because he believes this court improperly deemed such claims properly adjudicated by the state courts. With respect to claims adjudicated

on the merits by the state courts, federal courts address the merits of such claims but, in so doing, apply the "highly deferential standard" of review set forth in 28 U.S.C. § 2254(d). *Bell v. Cone*, 543 U.S. 447, 455 (2005) (per curiam); *Williams v. Taylor*, 529 U.S. 362, 412 (2000) ("In sum, § 2254(d)(1) [and (2)], place[] a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."). Although federal habeas review of state court decisions is subject to the heightened deference required by § 2254(d), this "deference does not imply abandonment or abdication of judicial review. Deference does not by definition preclude relief." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Thus, the previous resolution of claims by this Court as properly adjudicated by the state courts constitutes a resolution of such claims on the merits. *Id*. These claims are therefore successive habeas claims "since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statute, entitled to habeas relief." *Gonzalez*, 545 U.S. at 532.

In light of the foregoing, the Court concludes the claims of ineffective assistance of trial/appellate counsel and improper sentence advanced in this cause of action, claims previously considered properly adjudicated on the merits by the state courts, substantively address federal grounds for setting aside Sunday's state sexual abuse conviction and, as such, are subject to analysis under 28 U.S.C. § 2244(b). It is clear from the pleadings filed by Sunday that he has not received an order from a three-judge panel of the Eleventh

Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. Sunday is well aware of the requirement that he must receive permission from the appellate court to file a successive habeas petition as this is his second attempt to proceed on a successive petition before this Court. *See Sunday v. Lee County Circuit Court, et al.*, 3:07-CV-723-MEF-WC (M.D. Ala. 2008). This Court summarily dismissed the prior successive petition and the Eleventh Circuit Court of Appeals affirmed such decision. *Id*. "Because this undertaking [is Sunday's third] habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a [third] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

## B. Relief Under Rule 60(b) of the Federal Rules of Civil Procedure[2]

To the extent Sunday contends this court erred in its previous ruling that he procedurally defaulted the perjured testimony claim, this assertion does not constitute a habeas corpus claim and is properly before the court for review in a Rule 60(b) motion. *Gonzalez*, 545 U.S. at 532. The subsection of the rule relevant to this claim is Rule 60(b)(6). Applicable federal law requires "a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Id.* at

---

[2]This is the second cause of action filed by Sunday in which he seeks relief pursuant to the provisions of Rule 60(b), *Federal Rules of Civil Procedure*. *See Sunday v. Lee County Circuit Court, et al.*, 3:07-CV-723-MEF-WC (M.D. Ala. 2008). Sunday received no relief from this court under Rule 60(b) in the prior action and the Eleventh Circuit Court of Appeals affirmed the decision of this court denying such relief. *Id. - Court Doc. No. 21*. The United Supreme Court also denied certiorari. *Id. - Court Doc. No. 22*.

8

535 (citations omitted). The Court has thoroughly reviewed the pleadings filed herein by Sunday and the record of his initial habeas action. Sunday's arguments and the factual basis of such arguments with respect perjured testimony are the same arguments presented to this court in the 2003 habeas petition and deemed procedurally defaulted. Sunday likewise addressed the propriety of this determination on appeal of this Court's adverse decision in which he made substantially similar arguments to the arguments presently before this court. The Eleventh Circuit Court of Appeals denied Sunday relief from the judgment of this court because he failed to make the requisite showing "that reasonable jurists would find debatable both (1) the merits of an underlying claim and (2) the procedural issues he seeks to raise." *Sunday v. Ferrell, et al.*, Case No. 3:03-CV-502-MHT (M.D. Ala. 2006) - *Court Doc. No. 76*. The appellate court affirmed this determination in its order denying Sunday's motion for reconsideration. *Sunday v. Ferrell, et al.*, Case No. 3:03-CV-502-MHT (M.D. Ala. 2006) - *Court Doc. No. 77*. Thus, this Court concludes that Sunday fails to set forth "extraordinary circumstances" justifying relief.

In addition, Sunday alleges the respondents "refused and continue to refuse to send the corrected page" of the victim's testimony given during a post-trial motion hearing during which she repeated her trial testimony that other people told her what to say regarding the identity of her assailant. *Amendment to Habeas Petition - Court Doc. No. 8* at 20. The court construes this allegation as one of fraud, misrepresentation or misconduct. Under Rule 60(b)(3), a court may relieve a party from a prior judgment for

9

"fraud ... misrepresentation, or misconduct by an opposing party." A motion for relief from judgment based on fraud, misrepresentation or misconduct of an adverse party must be made "no more than a year after the entry of the judgment or order . . . ." Rule 60(c)(1), *Federal Rules of Civil Procedure*. Initially, the Court finds that Sunday failed to file the instant motion within a year of the judgment entered in this case. Thus, any such motion based on fraud, misrepresentation or other misconduct of the respondents is time-barred. *Id*. Moreover, even if the court deemed this motion timely filed, Sunday presents no evidence, objective or otherwise, of fraud by the respondents nor can the Court countenance that any such evidence exists. Specifically, a review of the record before the court in *Sunday v. Ferrell, et al.*, Case No. 3:03-CV-502-MHT (M.D. Ala. 2006), reveals that the trial testimony about which Sunday complains was before this Court for review. Additionally, the respondents did not dispute Sunday's claim that the victim provided testimony which indicated she had been advised by other persons to implicate him as the perpetrator of the sexual offense. The Court therefore concludes that no fraud or misrepresentation occurred in the previous habeas action. Consequently, Sunday is entitled to no relief from this court on any claims which seek relief from judgment under the directives of Rule 60(b), *Federal Rules of Civil Procedure*.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge

that:

     1.  To the extent Sunday presents claims which substantively address federal grounds for setting aside his sexual abuse conviction, this action constitutes a second or successive habeas petition and, with respect to such claims, is due to be DISMISSED, in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as Sunday has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.[3]

     2.  The petitioner's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure be DENIED.

     3.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before May 4, 2009 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

---

[3] The one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) is applicable to any petition for habeas corpus relief filed by Sunday and there are no circumstances present in this case which "would entitle [Sunday] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period . . . expired [several years] before he filed" the instant habeas action.  *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

11

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of April, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE